CA 08 205

UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. SECTION 2254

RICARDO RAMIREZ
Name

56835
Prison Number

DEPARTMENT OF CORRECTIONS
Place of Confinement

United States District Court RHODE ISLAND District of RHODE ISLAND

Case No. ____________________
(To be supplied by Clerk of U.S. District Court)

RICARDO RAMIREZ, PETITIONER
(Full name) (Include name under which you were convicted)

v.

DEPARTMENT OF CORRECTIONS A.T. WALL etal, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF STATE OF RHODE ISLAND, ADDITIONAL RESPONDENT.

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, **petitioner must fill in the name of the state where the judgment** was entered. If petitioner has a sentence to be served in the future **under a** federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. Section 2255, in the federal court which entered the judgment.)

# PETITION

1. Name and location of court which entered the judgment of conviction under attack
SUPREME COURT STATE OF RHODE ISLAND

2. Date of judgment of conviction
DECEMBER 6 2002

3. Length of sentence LIFE PLUS 25 YEARS AS A HABITUAL CRIMINAL

Sentencing judge DARIGAN

4. Nature of offense or offenses for which you were convicted:

1st DEGREE MURDER

5. What was your plea? (Check one)

(a) Not guilty (X)

(b) Guilty ( )

(c) Nolo contendere ( )

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)

(a) Jury (X)

(b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No (X)

8. Did you appeal from the judgment of conviction? Yes (X) No ( )

9. If you did appeal, answer the following:

(a)Name of court PROVIDENCE SUPREME COURT

(b)Result DENIED

(c) Date of result DECEMBER 17 2007

If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details:

no

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ( ) No (X)

11. If your answer to 10 was "yes," give the following information:

(a)(1) Name of court

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( ) No ( )

(5) Result N/A

(6) Date of result ____

(b) As to any second petition, application or motion give the same information:

(1) Name of court ____

(2) Nature of proceeding ____

____

(3) Grounds raised ____

____

____

____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( ) No ( )

(5) Result ____

(6) Date of result ____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court ____

(2) Nature of proceeding ____

____

(3) Grounds raised ____

____

____

______________________________________________

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( ) No ( )

(5) Result ______________________________

(6) Date of result ______________________________

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

(1) First petition, etc. Yes ( ) No ( )

(2) Second petition, etc. Yes ( ) No ( )

(3) Third petition, etc. Yes ( ) No ( )

(e) If you did not **appeal from the adverse action on any petition,** application or motion, explain briefly why you did not:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

12. State concisely **every ground on which you claim that you are being held** unlawfully. Summarize briefly **the facts** supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds **(relating to this conviction) on which you**

base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self- incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Trial justice violated defendants 6th amendment right of confrontation when he allowed prior recorded testimony of an unavailable witness to be read to the jury.

Supporting FACTS (tell your story briefly **without citing cases or law**):

dispite the fact that the witness was available to testify and had planned to recant his earlier testimony..justice refused to allow him..to do so.when he came to the court late....

B. Ground two: Error in admitting hearsay testimnoy

Supporting FACTS (tell your story briefly **without citing cases or law):**
trial justice allowed limburg to testify about sargants disclosure that he was an informant.

C. Ground three: violated defendants sixth amendant right to present a defense by barring testimony of a defense witness.

Supporting FACTS (tell your story briefly **without citing cases or law):**
Justice failed to allow bogan as a defense witness when he disallowed Bogan to testify though eh claimed to invoke his fifth amendment right. Counsel wanted to put to the witness questions for the record regarding his prior statements, but was denied this right.

D. Ground four: committed revoersible error when he refused to pass the case.

Supporting FACTS (tell your story briefly **without citing cases or law):**
that conduct from the sheriffs department was asked by one of the jurors if there saftey would be O.K. when they return a verdict and the the sheriffs was over heard talking about being called to the justices courtroom when the verdict was read.

E Ground Five Error in imposing a enhanced sentence based on alleged findings of fact by the court.

Supporting FACTS (tell your story briefly **without citing cases or law**):

Defendant contends that the habitual inhanced sentence was imposed and that the facts was not put before the jury was is the case of Apprendi v. New Jersey 530 U.S. 466 (2000).

Ground

Supporting FACTS (tell your story briefly **without citing cases or law**):

Ground

Supporting FACTS (tell your story briefly **without citing cases or law**):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state briefly **what grounds were** not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (x)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing
none

(b) At arraignment and plea

(c) At trial
John Ruginski 127 Dorrance street Providence R.I. 02903

(d) At sentencing
John Ruginski

(e) On appeal
George J. West 1 Turkshead place providence R.I. 02903

(f) In any post-conviction proceeding
none filed.

(g) On appeal from any adverse ruling in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ( ) No (x)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes (X) No ( )

(a) If so, give name and location of court which imposed sentence to be served in the future:
an additional 25 year sentence as a habitual sentence State of R.I. A.C.I.

(b) And give date and length of sentence to be served in future:
25 Years

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No (x)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/21/08
(Date)

Ricardo Ramirez
(Signature)