**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **Ricardo Ramirez** | ) C.A.# 08-205S |
| **vs.** | ) |
| **Ashbel T. Wall, Director** | ) |
| **R.I. Department of Corrections** | ) |

## Petitioner's Traverse to State's Response

Petitioner contends that the State's response in his Writ of Habeas Corpus to dismiss for failure to state a claim for relief is clearly wrong. The petitioner submits the following in response:

**GROUND 1:**

That petitioner, Ricardo Ramirez, was denied his 6th and 14th amendment constitutional rights by way of his asserted contention that:

1) Petitioner was denied the right to cross examine the witness, Bogan. The state itself conceeds that Bogan was held in the Superior Court cellblock, after he appeared at petitioner's trial counsel's office. Petitioner contends that trial justice Darigan failed to allow trial counsel to put forth any questions to Bogan before the jury, in order to allow the court and the jury to view for themselves Mr. Bogan's demeanor while he answered any questions or sought protection from self-incrimination by pleading the 5th amendment.

2) The state wants this court to set aside two very important issues:
   a) That the state's vested interest was to see that Mr. Bogan not be presented as a witness because they already had his uncrossed written testimony read to the jury and they knew Mr. Bogan was an unreliable witness on the stand and that the jury would recognize that fact; and,

b) that Mr. bogan went to the office of the petitioner's attorney surely suggested to the state's attorney that perhaps Mr. Bogan had jumped ship om him despite the promise of immunity from prosecution.

Clearly the state had a vested interest to not see Mr. Bogan take the stand. Petitioner hereto presents the finding in a very recent case overturning the verdict in **State v. Pona**, (case cite unavailable). Here the state used the prior bail hearing testimony of Ms. Jennifer Rivera against Manuel Pona only to have the State Supreme Court overturn Mr. Pona's conviction, because the state used her prior testimony.

It is made clear that "every defendant shall enjoy the guaranteed 6th amendment right to confront the witnesses before him. The bottom line is that the state had Mr. Bogan in the cellblock and no harm could come to atleast present him before the jury and ask him of his intentions in so far as his testimony. If he then plead the 5th, then so be it, but the jury could have made their own decision based on all the facts.

It should be noted that the reason the defendant did not contest the testimonial nature of Mr. Bogan's testimony was because he had objected to its admission in its entirity. Petitioner did not waive any of his rights and also cites; **Crawford v. Washington**, 541 U.S. 36, 38, 124 S.Ct. at 1354, 1374 (2004).

**GROUND 2: The admission of Limbaugh's testimony**

The state contends that it was not hearsay to allow Alfred Limbaugh's statement that Sargent was an informant. Petitioner contends that the state is clearly wrong in that:

**R.I. Rules of Evidence 804 (c):**

**Declaration of a decedant made in good faith:**

" A declaration of a deceased person shall not be admissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant".

The state is wrong for two reasons:

1) The alledged "declarant" that was an informant was not a "dying declaration"; and,

2) the statement is something "difficult to imagine why sargent would have made such a statement".

The sole contention is that Ramirez was concerned that Sargent was an informant but, all the people he asked were telling Ramirez to simply stop doing business with Sargent, which also begs two other issues:

1) What was he informing on if he also was involved in the chopping and distribution of car parts; and,

2) if Ramirez was the target of the "informant" on its face.

It would seem to any unbiased observer that Sargent was more helpful than an informant would be.

Further, Ramirez contends that to his knowledge, he was not the target of any criminal activity, therefore, the statement by Mr. Limbaugh was not admissible.

**GROUND 3: The barring of Bogan as a defense witness**

The state contends that because Bogan had intimation that he would plead the 5th and that based on clearly established case law, the defendant cannot trump the 5th amendment for his

6th amendment, but this fails on two levels:

1) The state is well aware that Mr. Bogan had turned himself into the office of the petitioner and it was clear that he had intended to testify on behalf of Mr. Ramirez and inform the court that his prior testimony was lies. The state armed with the knowledge that Mr. Bogan jumped ship and became a witness for the defense, couldn't allow him to testify that his prior testimony was all lies and thus it would help the defendant. The state brings up immunity as a bargain. Clearly, if immunity was an issue for Mr. Bogan, he would have stayed on board with the state. Denying Mr. Bogan to testify was clearly a denial of this petitioner's rights. (Turned himself into petitioners Attorney)

**GROUND 4: Denial of Petition for New Trial**

The petitioner continues to stand on the argument that he should have been given a new trial based on the travel of events regarding the jury. It cannot be understated that the jury was clearly influenced by overheard conversations of the Sheriffs and the expressed verbal concerns for safety.

**CONCLUSION**

For these reasons, petitioner requests that this court grant petitioner's request to vacate his unlawful conviction and grant him a new trial.

Respectfully Submitted,

Ricardo Ramirez #56835

Ricardo Ramirez
P.O. Box 8273
Cranston, R.I. 02920

**CERTIFICATION OF MAILING**

I, Ricardo Ramirez, do hereby certify that I mailed a true and correct copy of these documents to the Office of the Attorney general, 150 South Main Street, Providence, R.I., 02903 on the 20 day of JUNE, 2008.

Ricardo Ramirez #56835

Ricardo Ramirez